## Case No. 15,474.

### UNITED STATES v. JENNEGEN.

[4 Cranch, C. C. 118.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

BIGAMY IN DISTRICT OF COLUMBIA — MARYLAND STATUTES—EVIDENCE—PUNISHMENT.

1. The statute of bigamy (1 Jac. I. c. 11) was expressly enacted and declared to be in full force to all intents and purposes in Maryland, by the act of 1706 (chapter 8); and by the bill of rights of that state, and the act of congress of February 27, 1801 [2 Stat. 103], became the law of the county of Washington.

2. Quære, whether, in a prosecution for bigamy, evidence of a marriage de facto is evidence of a marriage de jure?

3. On a conviction for bigamy, the court may dispense with the burning in the hand.

Indictment for bigamy, under the Maryland act of 1706, c. 8, which enacted and declared the British statute of 1 Jac. I. c. 11, against bigamy, to be in force in the then province of Maryland.

Mr. Swann, U. S. Atty., offered parol evidence, (the testimony of the mother of the first wife,) that the prisoner was married to her daughter (Elizabeth Hunt) in Philadelphia by a minister of the Methodist Church; and cited Archb. 358; 1 Hale, P. C. 692; and Rex v. Inhabitants of Brampton, 10 East, 282; Morris v. Miller, 1 W. Bl. 632; Id., 4 Burrows, 2057.

Mr. Coxe, contra, contended that it must be proved to be a legal marriage according to the laws of Pennsylvania. That the United States must first show what the law of Pennsylvania is; and then a marriage according to that law. He also contended that it was not competent to the legislature of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Maryland to enact a foreign law; and that the statute of 1 Jac. I. c. 11, was not in force in Maryland on the 27th of February, 1801, and was not one of the laws which, by the act of congress of that date, continued in force in the county of Washington (2 Stat. 103). Upon the first point he cited 1 Hawk. P. C. c. 32, § 10; 26 Geo. II. c. 33, § 14; Ilderton v. Ilderton, 2 H. Bl. 145, 158; Archb. 87.

Mr. Swann. It is only necessary to prove a marriage de facto, by showing a contract, a solemnization by a person appearing to be a clergyman, and cohabitation. 6 Bin. 408.

THE COURT (THRUSTON, Circuit Judge, absent,) permitted the mother of the first wife to testify that the prisoner was married to her daughter, Eliza Hunt, on the 17th of March, 1827, by a minister of the gospel, in Philadelphia, at the house of the witness's husband, No. 165 South street, by Mr. Prettyman, a Methodist preacher; and that the prisoner and her said daughter from that time cohabited as man and wife.

The second marriage, namely, to Sarah Ledberg, was proved by another witness.

THE COURT, at the prayer of Mr. Coxe, the prisoner's counsel, instructed the jury, that it was incumbent upon the United States to prove to their satisfaction, that the marriage in Pennsylvania was a valid marriage according to the laws of Pennsylvania; but refused to instruct them that there was no evidence of the law of Pennsylvania; the court being of opinion that proof of a marriage de facto was prima facie evidence of a marriage de jure.

THE COURT said they would consider the question whether the statute of James was in force by virtue of the Maryland act of April, 1706, c. 8, upon a motion in arrest of judgment; and also the correctness of their opinion upon the evidence, in a motion for a new trial.

Upon the motion for a new trial because the evidence of the first marriage was insufficient, Mr. Coxe, for the prisoner, cited Dalrymple v. Dalrymple, 2 Hagg. Ecc. 54, 58, 60; Scrimshire v. Scrimshire, Id. 395; Middleton v. Janverin, Id. 437, 447.

Upon the motion in arrest of judgment, he contended that if the statute of James, "and every article, clause, matter, and thing in the said act contained," is to be "in full force to all intents and purposes," then it is in force in England and Wales only; to which places its operation is expressly limited by the act itself. He also contended that the legislature of Maryland, in the year 1706, was not competent to enact a statute by reference to a foreign law.

Mr. Swann waived his right to reply, and submitted the case to the court.

CRANCH, Chief Judge. The ground of the motion in arrest of judgment was, that the statute of James was not in force in Maryland on the 27th of February, 1801, when the laws of Maryland were adopted by congress as the laws of this county. By the act of Maryland, 1706, c. 8, it is enacted, "That the act of parliament made at," &c., "in the first year," &c., "of our sovereign lord, King James the First," entitled "An act to restrain all persons from marriage until their former wives and former husbands be dead," "and every article, clause, matter, and thing in the said act contained, shall be and are in full force, to all intents and purposes, within this province." It was objected by the counsel of the prisoner, that it was not competent for the legislature to enact a statute by reference to a foreign law. That if the act of Maryland of 1706, c. 8, be taken strictly and literally, "and every article, clause, matter, and thing in the said act contained," is to be in force in Maryland, then the legislature of Maryland has enacted, "that if any person or persons within his majesty's dominions of England and Wales, being married," &c.; so that the statute still applies only to persons in England and Wales. But such could not have been the intention of the legislature of Maryland. Their meaning evidently was that the act should be, and actually was in force in Maryland, in the same manner and to the same extent, as it was in force in England and Wales. The words, "are in full force," imply a recognition of the already existing validity of the statute of James, in Maryland; and such was the fact; for there had been prosecutions in Maryland, under that statute, as early as 1682. See Kilty's Report to the Legislature, p. 170. So that, whether it was expressly reënacted by the Maryland act of 1706, or was one of those English or British statutes which had been "introduced, used, and practised by the courts of law or equity," in Maryland, before the Revolution, it became the law of Maryland, under the 3d section of the bill of rights. There can be no doubt, therefore, that the statute of 1 Jac. I. c. 11, was in force in Maryland on the 27th of February, 1801, and by the act of congress of that date (2 Stat. 103) became part of the law of this county. The motion for a new trial was because no evidence was given of the law of Pennsylvania, to show that the first marriage was conformable to the requisitions of that law. The cases cited by the counsel of the prisoner, upon this point, seem decisive that the foreign law must be proved, and that the foreign marriage cannot be presumed, prima facie, to be valid unless the foreign law be given in evidence. I think, therefore, that a new trial ought to be granted.

MORSELL, Circuit Judge, concurred in this opinion, as to the motion in arrest of judgment, but not as to the motion for a new trial. (THRUSTON, Circuit Judge, absent.)

In this state of the case, the prisoner, having been in gaol nearly or quite a year, withdrew his motion for a new trial, and the

court, in consideration of his long imprisonment, sentenced him to seven days' further imprisonment, and dispensed with the burning in the hand.

